**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT WINCHESTER**

| | | |
|---|---|---|
| JAMES FERRELL, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 4:26-cv-16 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| JACOB RAPER, *et al.*, | ) | Magistrate Judge Dumitru |
| | ) | |
| *Defendants.* | ) | |

**ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION**

On April 28, 2026, United States Magistrate Judge Michael J. Dumitru issued a Report and Recommendation ("R&R") [Doc. 10] recommending that this case be dismissed and Plaintiff's IFP application [Doc. 1] be denied as moot. Plaintiff timely objected to the Magistrate Judge's R&R. [Doc. 11]. For the following reasons, Plaintiff's Objection [Doc. 11] is **OVERRULED**, and the Court **ACCEPTS** and **ADOPTS** the Report and Recommendation [Doc. 10]. This case will be **DISMISSED**. Plaintiff's IFP Application [Doc. 1] and Motion for Brief [Doc. 13] will be **DENIED AS MOOT**.

## I. STANDARD OF REVIEW

A court must conduct a de novo review of those portions of a magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (noting that "[a] general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge."). "The parties have 'the duty to

pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira*, 806 F.2d at 637 (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

The Court finds that Plaintiff's arguments in his Objection [Doc. 11] are totally frivolous. Rather than draw the Court's attention to any supposed defects in the Magistrate Judge's legal reasoning, Plaintiff accuses the Magistrate Judge of treason and violating his oaths of office. [Doc. 11]. To support his extraordinary accusations, Plaintiff points to the Magistrate Judge's "verbatim" use of reasoning from Tennessee Court of Criminal Appeals decisions that twice considered and rejected the same arguments Plaintiff advances here. [Doc. 11 at 2]; *see State v. Ferrell*, No. M2016-01157-CCA-R3-CD, 2017 WL 111305 (Tenn. Ct. Crim. App. Jan. 11, 2017); *State v. Ferrell*, No. M2011-00870-CCA-R3-CD, 2012 WL 2411903 (Tenn. Ct. Crim. App. June 27, 2012). But the Magistrate Judge cited those cases because they demonstrate precisely why Plaintiff's arguments lack merit. Courts routinely rely on the reasoning of other courts to ensure consistency in the law. Plaintiff's accusations regarding the Magistrate Judge are baseless, and the Court will not waste its limited resources addressing them further. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (holding that "a district court need not provide de novo review where the objections are frivolous, conclusive, or general" (internal citations omitted)).

The Court has nonetheless reviewed the Report and Recommendation, as well as the record, and agrees with Judge Dumitru's well-reasoned conclusions and recommendations. Multiple courts have rejected Plaintiff's claims as entirely frivolous, explaining that his constitutional rights were not violated by the issuance or adjudication of the traffic tickets at issue.

*See State v. Ferrell*, No. M2016-01157-CCA-R3-CD, 2017 WL 111305 (Tenn. Ct. Crim. App. Jan. 11, 2017); *State v. Ferrell*, No. M2011-00870-CCA-R3-CD, 2012 WL 2411903 (Tenn. Ct. Crim. App. June 27, 2012); *Ferrell v. Sparkman, et al.*, Case No. 4:19-cv-67-DCLC-CHS, Doc. 16 at Page ID # 120 & Doc. 9. The Court sees no need to do so once again and finds that, even when liberally construing Plaintiff's Complaint, Plaintiff's claims are insufficient to state a claim over which this Court has jurisdiction and should all be dismissed.[1]

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Objection [Doc. 11] is **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** Magistrate Judge Dumitru's Report and Recommendation [Doc. 10]. Plaintiff's Complaint is hereby **DISMISSED**. Plaintiff's IFP Application [Doc. 1] and Motion for Brief [Doc. 13] are **DENIED AS MOOT**.

**A SEPARATE JUDGMENT WILL ENTER.**

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

[1] It appears that Plaintiff has filed a "Petition for Writ of Mandamus," requesting the Sixth Circuit Court of Appeals to order this Court to issue summons in this matter. [Doc. 14]. However, because Plaintiff has moved to proceed in forma pauperis, summons is not issued until after the Court has completed its screening procedure contemplated by 28 U.S.C. § 1915(e)(2). *See Austin v. Stapleton*, No. 22-11895, 2022 U.S. Dist. LEXIS 171068, at *1 (E.D. Mich. Aug. 29, 2022).

In any event, the Court still has authority to dismiss this matter because the "filing of a petition for a writ of mandamus does not deprive a district court of jurisdiction." *Ginter v. Whirlpool Corp.*, No. 1:08-CV-750, 2009 U.S. Dist. LEXIS 139088, at *3 (W.D. Mich. Aug. 12, 2009) (citing Woodson v. Surgitek, Inc., 57 F.3d 1406, 1416 (5th Cir. 1995)); *Farrell v. U.S. Bank Nat'l Ass'n*, No. 14-11781, 2015 U.S. Dist. LEXIS 190255, at *1 n.1 (E.D. Mich. Jan. 15, 2015) (explaining that a district court may still take subsequent action when a party has filed for a petition for a writ of mandamus).